Honolulu, March 1st, 1870.

---

## SUPREME COURT—IN BANCO.

---

### JANUARY TERM—1870.

*Hartwell and Widemann, J. J.*

---

IN THE APPEAL OF A. S. CLEGHORN FROM DECISION OF THE WATER COMMISSIONERS.

WATER COMMISSIONERS have no right to decide a person's RIGHTS IN WATER without notifying him of a hearing.

The RIGHT TO USE water is an EASEMENT, got only by grant or prescription.

An AWARD of an EASEMENT of water set aside if merely based on opinions of witnesses.

On petition of R. Charlton and others to the Board of Water Commissioners, to adjust their rights to water in Honolulu, the Board made an award September 24th, 1869, in favor of the petitioners. No notice was given of the petition. The appellant was notified of the award September 29th, by the chairman of the Board, and another hearing was had, at which he appeared, and after which hearing, the Board affirmed their first award.

No appearance was made by the petitioners, or by the Board, at the hearing on the appeal.

A. F. Judd, for appellant, filed the following printed brief:

1. The Commissioners had no legal jurisdiction over this case; their powers being created by statute. Civil Code, Sections 996 and 997; Amendments in Session Laws, 1860, p. 12. It must appear that there was a "controversy" between Cleghorn and the petitioners "respecting rights of water."

2. The petition in this case asks the Commissioners to regulate their rights of water; not setting forth any controversy. Cleghorn appeared before the Commissioners in pursuance of a written notice. When before the Commissioners, there was nothing before them to show he was connected with the case; that is, there was no issue made up between Cleghorn and the petitioners.

3. The Commissioners decided to give the petitioners the privilege of using the water from the "Kahehuna auwai," as they had decided on the 24th of September, 1869. Now, on this 24th of September, Cleghorn was not made a party to the case, and had no notice of any proceedings, being ignorant of what the Commissioners had done, until he received a copy of their decision on the 29th September, in which they informed him, and one Kauhini, that they "had merged their respective water rights, and had given them the right to use the water during the first half of every Friday, from 6 o'clock A. M. till 12 o'clock M.," and the water for the last half of Fridays they had given to other parties, and had granted them certificates therefor.

4. The Commissioners have no power to change or affect, and more especially, they have no power to diminish or take away an easement to land, such as the right to use water for irrigation.

5. The deduction from this decision of the Commissioners is, that the water *belongs* to them, and that they have the right to apportion it out as they please.

6. The petitioners' lands, for which they ask the Commis-

28

218          HAWAIIAN REPORTS, 1870.

Appeal of A. S. Cleghorn from Decision of Water Commissioners.

sioners to give them water, are all kula land—dry, and never before cultivated in kalo, or irrigated. They make no pretense that they have a right to water for these lands by prescription. In Peck *et al. vs.* Bailey, Chief Justice Allen decided that kula land had no right to water.

7. The effect of this decision of the Commissioners is to take the water peaceably enjoyed by Cleghorn's land for a long period of years, at any rate in his possession, and give it to lands not entitled to water; that is, to take an easement from one land and give it to a land remote from it, and not entitled to it by prescription.

HARTWELL, J.: The statute, as amended by Act of 1860, reads thus: "It shall be the duty of such Commissioners * * to hear and determine all controversies respecting rights of ways and rights of water between private individuals," &c.

The Commissioners' duties are of a judicial nature, and require them first to hear, then determine. The appellant being no party to the original controversy, and having no notice thereof, his rights were not affected by the first award. But it does not follow that the subsequent action of the Board, when the appellant became a party of his own accord, was therefore null and void. The award made by the Board after they had jurisdiction of the matter, has force, not as confirming its previous void award, but because jurisdiction had attached.

But the evidence, as reported by the Commissioners, fails to sustain, or to tend to sustain, the award. The right to use water is an easement in land, to be gained only by grant or prescription. The evidence merely shows the opinions of witnesses as to the rights of the parties. For this reason without deciding the point made by counsel concerning kula land, the award must be set aside.

Honolulu, March 2d, 1870.